WANDA ROWDY, Petitioner Below-Appellant,
v.
IAN ROWDY, Respondent Below-Appellee.
No. 597, 2007.
Supreme Court of Delaware.
Submitted: May 9, 2008.
Decided: June 23, 2008.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER[1]
RANDY J. HOLLAND, Justice.
This 23rd day of June 2008, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The petitioner-appellant, Wanda Rowdy ("Mother"), filed an appeal from the Family Court's November 7, 2007, order dismissing her petition for modification of visitation. We find no merit to the appeal. Accordingly, we affirm.
(2) The record reflects that Mother filed a petition for modification of visitation with her two minor children, who currently reside with Ian Rowdy ("Father"). On September 28, 2007, the Family Court sent a letter to Mother and Father informing them that a call of the calendar had been scheduled and that there would be a teleconference with the judge regarding Mother's petition on November 13, 2007 at 2:15 p.m. The letter also stated the following: ". . . both parties are hereby directed to contact our office at XXX-XXX-XXXX to provide us with a phone number where we may contact you for the above hearing. . . . Failure to participate [in the teleconference] may result in the case being dismissed or a default judgment being entered."
(3) In her appeal, Mother claims that she informed the Family Court in a telephone call that she would be present on November 13, 2007, at 2:15. She further claims that, when she arrived at the courthouse, she was directed to a room where she waited until sometime after 2:15. According to Mother, she did not learn that her petition was dismissed until she received a copy of the Family Court's November 7, 2007, order. Mother does not support her claims with any documentation or any further facts. She does not dispute that she failed to follow the directive contained in the Family Court's September 28, 2007, letter.
(4) Under Family Court Civil Procedure Rule 41(b), an action may be dismissed for failure of the petitioner to comply with an order of the Family Court. Mother does not dispute that she failed to comply with the Family Court's order. Nor has she succeeded in demonstrating that the Family Court abused its discretion when it dismissed her petition. As such, the Family Court's judgment must be affirmed.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.
NOTES
[1] The Court assigned pseudonyms to the parties by Order dated November 19, 2007. Supr. Ct. R. 7(d).